UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| NOVENDER FLEMING, | ) | |
| | ) | |
| Plaintiff(s), | ) | No. C 09-1613 BZ |
| | ) | |
| v. | ) | |
| | ) | **ORDER SCHEDULING** |
| NADIA CLARK, et al., | ) | **JURY TRIAL AND** |
| | ) | **PRETRIAL MATTERS** |
| Defendant(s). | ) | |
| _____ | ) | |

Following the Case Management Conference, **IT IS HEREBY ORDERED** that the Joint Case Management Statement is adopted, except as expressly modified by this Order.  It is further **ORDERED** that:

1.  <u>DATES</u>

Trial Date: **Monday, 6/14/2010, 5 days**

Pretrial Conference: **Tuesday, 5/25/2010, 4 p.m.**

Last Day to Hear Dispositive Motions: **Wednesday, 3/31/2010**

Last Day for Expert Discovery: **Friday, 2/26/2010**

Last Day for Rebuttal Expert Disclosure: **Friday, 2/19/2010**

Last Day for Expert Disclosure: **Friday, 2/12/2010**

Close of Non-expert Discovery: **Friday, 2/5/2010**

///

1

2.    <u>DISCLOSURE AND DISCOVERY</u>

The parties are reminded that a failure to voluntarily disclose information pursuant to Federal Rule of Civil Procedure 26(a) or to supplement disclosures or discovery responses pursuant to Rule 26(e) may result in exclusionary sanctions.  Thirty days prior to the close of non-expert discovery, lead counsel for each party shall serve and file a certification that all supplementation has been completed.

In the event a discovery dispute arises, **lead counsel** for each party shall meet in person or, if counsel are outside the Bay Area, by telephone and make a good faith effort to resolve their dispute.  Exchanging letters or telephone messages about the dispute is insufficient.  The Court does not read subsequent positioning letters; parties shall instead make a contemporaneous record of their meeting using a tape recorder or a court reporter.

In the event they cannot resolve their dispute, the parties must participate in a telephone conference with the Court **before** filing any discovery motions or other papers. The party seeking discovery shall request a conference in a letter filed electronically not exceeding two pages (with no attachments) which briefly explains the nature of the action and the issues in dispute.  Other parties shall reply in similar fashion within two days of receiving the letter requesting the conference.  The Court will contact the parties to schedule the conference.

Absent further order of the Court, each side is limited to five depositions, excluding parties and expert witnesses.

1  Plaintiff withdrew his requests for other limitations.

2  3.   <u>MOTIONS</u>

3       Consult Civil Local Rules 7-1 through 7-5 and this
4  Court's standing orders regarding motion practice.  Motions
5  for **summary judgment** shall be accompanied by a statement of
6  the material facts not in dispute supported by citations to
7  admissible evidence.  The parties shall file a joint statement
8  of undisputed facts where possible.  If the parties are unable
9  to reach complete agreement after meeting and conferring, they
10 shall file a joint statement of the undisputed facts about
11 which they do agree.  Any party may then file a separate
12 statement of the additional facts that the party contends are
13 undisputed.  A party who without substantial justification
14 contends that a fact is in dispute is subject to sanctions.

15      In addition to **lodging** a Chambers copy of all papers, a
16 copy of all briefs shall be e-mailed in WordPerfect or Word
17 format to the following address: bzpo@cand.uscourts.gov.

18 4.   <u>SETTLEMENT</u>

19      This case is referred for assignment to a Magistrate
20 Judge to conduct a settlement conference in October 2009, if
21 possible.  Counsel will be contacted by that judge's chambers
22 with a date and time for the conference.

23 5.   <u>PRETRIAL CONFERENCE</u>

24      Not less than thirty days prior to the date of the
25 pretrial conference, the parties shall meet and take all steps
26 necessary to fulfill the requirements of this Order.

27      Not less than twenty-one days prior to the pretrial
28 conference, the parties shall: (1) serve and file a joint

3

1    pretrial statement, containing the information listed in
2    **Attachment 1**, and a proposed pretrial order; (2) serve and
3    file trial briefs, <u>Daubert</u> motions, motions *in limine*, and
4    statements designating excerpts from discovery that will be
5    offered at trial (specifying the witness and page and line
6    references); (3) exchange exhibits, agree on and number a
7    joint set of exhibits and number separately those exhibits to
8    which the parties cannot agree; (4) deliver all marked trial
9    exhibits directly to the courtroom clerk, Ms. Yiu; (5) deliver
10   one <u>extra</u> set of all marked exhibits directly to Chambers; and
11   (6) submit all exhibits in three-ring binders.  Each exhibit
12   shall be marked with an exhibit label as contained in
13   **Attachment 2**.  The exhibits shall also be separated with
14   correctly marked side tabs so that they are easy to find.

15        No party shall be permitted to call any witness or offer
16   any exhibit in its case in chief that is not disclosed at
17   pretrial, without leave of Court and for good cause.

18        Lead trial counsel for each party shall meet and confer
19   in an effort to resolve all disputes regarding anticipated
20   testimony, witnesses and exhibits.  All <u>Daubert</u> motions,
21   motions *in limine*, and objections will be heard at the
22   pretrial conference.  Not less than eleven days prior to the
23   pretrial conference, the parties shall serve and file any
24   objections to witnesses or exhibits or to the qualifications
25   of an expert witness.  Oppositions shall be filed and served
26   not less than eleven days prior to the conference.  There
27   shall be no replies.

28        Not less than twenty-one days prior to the pretrial

1    conference the parties shall serve and file requested voir

2    dire questions, jury instructions, and forms of verdict.  The

3    following jury instructions from the *Manual of Model Civil*

4    *Jury Instructions for the Ninth Circuit* (2007 ed.) will be

5    given absent objection: 1.1C, 1.2, 1.6-1.14, 1.18, 1.19, 2.11,

6    3.1-3.3.  Do not submit a copy of these instructions.  Counsel

7    shall submit a joint set of case specific instructions.  Any

8    instructions on which the parties cannot agree may be

9    submitted separately.  The Ninth Circuit Manual should be used

10   where possible.  Each requested instruction shall be typed in

11   full on a separate page with citations to the authority upon

12   which it is based.  Proposed jury instructions taken from the

13   Ninth Circuit Manual need only contain a citation to that

14   source.  Any modifications made to proposed instructions taken

15   from a manual of model instructions must be clearly indicated.

16   In addition, all proposed jury instructions should conform to

17   the format of the Example Jury Instruction attached to this

18   Order.  Not less than eleven days prior to the pretrial

19   conference, the parties shall serve and file any objections to

20   separately proposed jury instructions.

21       Jury instructions that the Court has given in prior cases

22   may be downloaded from the Northern District website at

23   **http:\\www.cand.uscourts.gov**.  (Instructions are located on

24   the "Judge Information" page for Magistrate Judge Zimmerman).

25   The Court will generally give the same instructions in cases

26   involving similar claims unless a party establishes, with

27   supporting authorities, that the instruction is no longer

28   correct or that a different instruction should be given.  CACI

1  instructions generally will be given instead of BAJI

2  instructions.

3       A copy of all pretrial submissions, except for exhibits,

4  shall be e-mailed in WordPerfect or Word format to the

5  following address: bzpo@cand.uscourts.gov.

6       At the time of filing the original with the Clerk's

7  Office, two copies of all documents (but only one copy of the

8  exhibits) shall be delivered directly to Chambers (Room 15-

9  6688).  Chambers' copies of all pretrial documents shall be

10 three-hole punched at the side, suitable for insertion into

11 standard, three-ring binders.

12 Dated: August 12, 2009

13

14                     Bernard Zimmerman
                 United States Magistrate Judge
15
   G:\BZALL\-BZCASES\FLEMING V. CLARK\Pretrial Scheduling Order.wpd
16

17

18

19

20

21

22

23

24

25

26

27

28

## ATTACHMENT 1

The parties shall file a joint pretrial conference statement containing the following information:

(1) **The Action.**

    (A)   Substance of the Action. A brief description of the substance of claims and defenses which remain to be decided.

    (B)   Relief Prayed. A detailed statement of each party's position on the relief claimed, particularly itemizing all elements of damages claimed as well as witnesses, documents or other evidentiary material to be presented concerning the amount of those damages.

(2) **The Factual Basis of the Action.**

    (A)   Undisputed Facts. A plain and concise statement of all relevant facts not reasonably disputable, as well as which facts parties will stipulate for incorporation into the trial record without the necessity of supporting testimony or exhibits.

    (B)   Disputed Factual Issues. A plain and concise statement of all disputed factual issues which remain to be decided.

    (C)   Agreed Statement. A statement assessing whether all or part of the action may be presented upon an agreed statement of facts.

    (D)   Stipulations. A statement of stipulations requested or proposed for pretrial or trial purposes.

(3) **Trial Preparation.**

A brief description of the efforts the parties have

made to resolve disputes over anticipated testimony,
exhibits and witnesses.

       (A)   Witnesses to be Called. In
lieu of FRCP 26(a)(3)(A), a
list of all witnesses likely
to be called at trial, other
than solely for impeachment or
rebuttal, together with a
brief statement following each
name describing the substance
of the testimony to be given.

       (B)   Estimate of Trial Time. An
estimate of the number of
court days needed for the
presentation of each party's
case, indicating possible
reductions in time through
proposed stipulations, agreed
statements of facts, or
expedited means of presenting
testimony and exhibits.

       (C)   Use of Discovery Responses. In
lieu of FRCP 26(a)(3)(B), cite
possible presentation at trial
of evidence, other than solely
for impeachment or rebuttal,
through use of excerpts from
depositions, from
interrogatory answers, or from
responses to requests for
admission.  Counsel shall
state any objections to use of
these materials and that
counsel has conferred
respecting such objections.

       (D)   Further Discovery or Motions.
A statement of all remaining
motions, including Daubert
motions.

   (4) **Trial Alternatives and Options.**

       (A)   Settlement Discussion. A
statement summarizing the
status of settlement
negotiations and indicating
whether further negotiations
are likely to be productive.

       (B)   Amendments, Dismissals. A
statement of requested or

proposed amendments to
pleadings or dismissals of
parties, claims or defenses.

     (C)  Bifurcation, Separate Trial of
Issues. A statement of whether
bifurcation or a separate
trial of specific issues is
feasible and desired.

    (5) **Miscellaneous.**

    Any other subjects relevant to the trial of the action,
or material to its just, speedy and inexpensive
determination.

1

## ATTACHMENT 2

2 **USDC**
Case No. CV09-01613 BZ
3 **JOINT** Exhibit No._____

**USDC**
Case No. CV09-01613 BZ
**JOINT** Exhibit No. _____

4 Date Entered _____

Date Entered _____

5 Signature _____

Signature _____

6 **USDC**
Case No. CV09-01613 BZ
7 **JOINT** Exhibit No. _____

**USDC**
Case No.  CV09-01613 BZ
**JOINT** Exhibit No. _____

8 Date Entered _____

Date Entered _____

9 Signature _____

Signature _____

10

11 **USDC**
Case No.  CV09-01613 BZ
12 **PLNTF** Exhibit No. _____

**USDC**
Case No. CV09-01613 BZ
**PLNTF** Exhibit No. _____

13 Date Entered _____

Date Entered _____

14 Signature _____

Signature _____

15 **USDC**
Case No. CV09-01613 BZ
16 **PLNTF** Exhibit No. _____

**USDC**
Case No. CV09-01613 BZ
**PLNTF** Exhibit No. _____

17 Date Entered _____

Date Entered _____

18 Signature _____

Signature _____

19

20 **USDC**
Case No. CV09-01613 BZ
21 **DEFT** Exhibit No. _____

**USDC**
Case No. CV09-01613 BZ
**DEFT** Exhibit No. _____

22 Date Entered _____

Date Entered _____

23 Signature _____

Signature _____

24 **USDC**
Case No. CV09-01613 BZ
25 **DEFT** Exhibit No. _____

**USDC**
Case No. CV09-01613 BZ
**DEFT** Exhibit No. _____

26 Date Entered _____

Date Entered _____

27 Signature _____

Signature _____

28