```
                    UNITED STATES DISTRICT COURT

                   NORTHERN DISTRICT OF CALIFORNIA


NOVENDER FLEMING,              )
                               )
         Plaintiff(s),         )    No. C09-1613 BZ
                               )
    v.                         )
                               )
NADIA CLARK, et al.,           )
                               )    and Consolidated Case
         Defendant(s).         )
_____ )
VICTOR JONES,                  )
                               )
         Plaintiff(s),         )
                               )    No. C09-4757 BZ
    v.                         )
                               )
NADIA CLARK, et al.,           )    ORDER DENYING MOTION TO
                               )    REOPEN DISCOVERY
         Defendant(s).         )
                               )
_____ )
```

    **IT IS HEREBY ORDERED** that plaintiffs' motion to reopen discovery is **DENIED** for the following reasons:

    1.  Plaintiffs were given leave to file a motion for reconsideration of the Court's earlier Order Declining to Reopen Discovery. Instead they filed this motion. Plaintiffs have not met the standards for reconsideration under Civil L.R. 7-9(a)(2).

2.   Even assuming that the motion is proper, plaintiffs have failed to show good cause for reopening discovery. Plaintiffs' legal argument is the ultimate boot strap. Having induced the Court to permit plaintiffs to amend their complaint to include a Monell claim by, among other grounds, asserting that no additional discovery was needed on the Monell claim, plaintiffs now attempt to reopen discovery on the grounds that "this Court granted plaintiff [sic] leave to amend their complaint to include a municipal liability claim against the City of Oakland, however without the opportunity to conduct discovery directed to this claim." (Motion p.2, lines 21-23). The Court did not grant them that opportunity because it was told it wasn't needed.

3.   Plaintiffs have not satisfactorily explained why the discovery they now seek was not conducted earlier. While it is true that the <u>Jones</u> case only had a discovery window of a few months, discovery was open in <u>Fleming</u> for over a half year. In Fleming's case management statement, she advised the Court last June that an issue in the case is whether defendants "knew or should have known that Victor Jones had a valid marijuana grower's permit" and that she intended to depose "those who have information on the city of Oakland's training" and propound interrogatories and document requests. (Document 18, p.6, lines 4-5). While plaintiffs concede they took some discovery on the Monell issues, they do not explain why they did not take the discovery they now seek, especially the request for document production and the interrogatories. It is hard for the Court to understand why plaintiffs could

1 not request documents and serve interrogatories on the Monell
2 claim until after they had finished taking depositions on the
3 narrower tort claims.

4     4. Nor have plaintiffs established an overriding need
5 for this discovery, such that the Court would be willing to
6 overlook their earlier conduct. At the hearing, it appeared
7 that in discovery plaintiffs have learned that defendants have
8 no policy on whether in deciding to search the property of an
9 Oakland resident suspected of growing marijuana, police
10 officers are required to check first to see whether the
11 resident has a permit for growing marijuana for medical
12 purposes. Defendants agreed that there is no such policy. It
13 does not appear that further discovery on this point is
14 necessary for purposes of presenting plaintiffs' Fourth
15 Amendment claim under Monell.

16 Dated: July 7, 2010

17                                    Bernard Zimmerman
18                             United States Magistrate Judge

19 G:\BZALL\-BZCASES\FLEMING v. CLARK\ORDER DENYING MOTION TO REOPEN DISCOVERY.wpd

3