1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| NOVENDER FLEMING, | ) | |
| Plaintiff(s), | ) | No. C09-1613 BZ |
| v. | ) | |
| | ) | **PRETRIAL ORDER** |
| NADIA CLARK, et al., | ) | |
| Defendant(s). | ) | |
| VICTOR JONES, | ) | |
| | ) | No. C09-4757 BZ |
| Plaintiff(s), | ) | |
| v. | ) | |
| NADIA CLARK, et al., | ) | |
| Defendant(s). | ) | |

The pretrial conference in this case was held on October 26, 2010. Plaintiffs Novender Fleming and Victor Jones were represented at the conference by Wayne Johnson, Esq. and Darryl Parker, Esq. Defendant Officers and City of Oakland were represented by Geoffrey A. Beaty, Esq. and Yvette Davis, Esq.

1

This Order shall control the subsequent conduct of the case and be modified only to prevent manifest injustice.  <u>See</u> Fed. R. Civ. P. 16(e).

**1.    LENGTH AND TIME OF TRIAL**

Trial shall begin on **Wednesday, November 10, 2010, at 8:30 a.m.** in Courtroom G, 15th Floor, Federal Building, 450 Golden Gate Avenue, San Francisco, California 94102.  The trial schedule is as follows:  8:30 a.m. - 1:30 p.m.

Plaintiff shall be prepared to call witnesses **Friday, November 12, 2010**.  Each side shall schedule witnesses to avoid any interruption in the presentation of testimony.  Plaintiff will have **9 hours** to present evidence.  Defendant shall have **7 hours**.

**2.    VOIR DIRE**

Any objections to the proposed voir dire questions distributed at the conference, or requests for additional questions, should be filed by **Wednesday, November 3, 2010**.

**3.    MOTIONS**

Plaintiff's Motion in Limine no. 1 is **DENIED** to the extent that defendants will be permitted to testify, if they choose, that they believed that there was drug trafficking on the premises.  The concerns plaintiffs have raised are properly addressed through cross-examination.

Motions nos. 2, 3 and 4 are **GRANTED** as unopposed.

Motion no. 5 is **GRANTED**.  The defendants are free to testify to the matters reflected in defendants' opposition, such as what Officer Clark and Officer Barocio discussed.  The police report and affidavit themselves are hearsay, unless

2

they are offered for purposes other than proving the truth of the matter asserted.  That said, plaintiffs have listed police reports as exhibits.  If they elect to introduce the police reports, or if other trial circumstances require, the Court may reconsider this ruling.

Officer Clark will not be permitted to offer expert opinions unless she has been designated as an expert and is qualified as an expert.  She will be permitted to testify to her training and experience, to the extent relevant, and can be cross-examined on those subjects.

**4. EXHIBITS AND EVIDENCE**

Exhibits shall not be a part of the record or go to the jury unless sponsored by a witness or otherwise brought to the jury's attention.  The parties must lodge the entire transcript of all depositions they anticipate using at trial by the start of trial.  The parties are to meet and confer in an effort to agree on exhibits consistent with the rulings I provided during the pretrial conference.  The parties are to submit joint and, if necessary, separate lists of exhibits by **Wednesday, November 3, 2010**.

**5. JURY INSTRUCTIONS**

Rulings on the instructions were made on the record at the pretrial conference on **October 26, 2010**.  The Court has distributed a proposed set of final instructions.  Any objections to the proposed instructions shall be filed by **Wednesday, November 3, 2010**.

**6. MISCELLANEOUS**

Any party who desires a transcript of the trial must

3

1 | make arrangements with the court reporter.  Any party who
2 | needs an interpreter or audio or visual equipment shall make
3 | its own arrangements for same and clear all such equipment
4 | with court security personnel.
5 |     The parties are instructed to notify the Court
6 | immediately if this action should settle before the
7 | commencement of trial.
8 | Dated: October 27, 2010

                                  Bernard Zimmerman
                    United States Magistrate Judge

G:\BZALL\-BZCASES\FLEMING v. CLARK\PRETRIAL\PRETRIAL ORDER.wpd

4