UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| NOVENDER FLEMING,<br><br>    Plaintiff(s),<br><br>  v.<br><br>NADIA CLARK, et al.,<br><br>    Defendant(s).<br>_____<br>VICTOR JONES,<br><br>    Plaintiff(s),<br><br>  v.<br><br>NADIA CLARK, et al.,<br><br>    Defendant(s).<br>_____ | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. C09-1613 BZ<br><br>and Consolidated Case<br><br><br><br>No. C09-4757 BZ<br><br>**PROPOSED DISPUTED**<br>**JURY INSTRUCTIONS** |

Having received plaintiffs' proposed supplemental jury instructions (Docket No. 165) and defendants' objections (Docket No. 170), attached is a draft of the disputed jury instructions the Court proposes to deliver at the conclusion of trial. Any objections or requests to modify the attached disputed jury instructions shall be made at the first day of trial.

Dated: November 4, 2010

                                   Bernard Zimmerman
                              United States Magistrate Judge

G:\BZALL\-BZCASES\FLEMING v. CLARK\PRETRIAL\Jury Instructions\PROPOSED JURY INSTRUCTIONS COVER PLEADING.SUPPLEMENTAL INSTRUCTIONS.wpd

1

# PARTICULAR RIGHTS—FOURTH AMENDMENT—UNREASONABLE SEARCH—GENERALLY

As previously explained, plaintiffs have the burden to prove that the acts of the defendant Officers deprived the plaintiffs of particular rights under the United States Constitution. Under the Fourth Amendment, a person has the right to be free from an unreasonable search of his or her person or residence.

In this case, plaintiffs allege the defendant Officers deprived them of their rights under the Fourth Amendment when, after knocking and announcing their presence, the Officers did not wait a reasonable amount of time before forcing entry, and, as part of this unreasonable entry, used a hook to open the metal security gate, damaging the gate and injuring Ms. Fleming. In general, law enforcement officers, when executing a search warrant for a residence, must first knock and announce their presence and then provide residents a reasonable opportunity to open the door. Reasonable force may only be used to gain entry if entry is refused by the residents or exigent circumstances require immediate entry.

To prevail on these claims, the plaintiffs must prove the following elements by a preponderance of the evidence:

1.  defendant Officers forcibly entered the plaintiffs' residence;

2.	in forcing entry, defendant Officers acted intentionally;

3.	defendant Officers did not wait a reasonable amount of time before forcing entry;

4.	the manner of entry was unreasonable under the circumstances; and

5.	the forcible entry resulted in damages to Mr. Jones' gate and to Ms. Fleming;

An entry is reasonable if all of the circumstances known to the officers at the time would cause a reasonable person to believe that the entry was necessary to prevent physical harm to the officers or destruction of evidence.

A person acts "intentionally" when the person acts with a conscious objective to engage in particular conduct.  Thus, the plaintiffs must prove the defendant Officers meant to forcibly enter the plaintiffs' residence. Although the plaintiffs do not need to prove the Officers intended to violate the plaintiffs' Fourth Amendment rights, it is not enough if the plaintiffs only prove the Officers acted negligently, accidentally or inadvertently in forcibly entering plaintiffs' residence.

# PARTICULAR RIGHTS—FOURTH AMENDMENT—UNREASONABLE SEIZURE OF PERSON—DETENTION DURING EXECUTION OF SEARCH WARRANT

Plaintiffs also allege that the defendant Officers deprived them of their rights under the Fourth Amendment when they held plaintiffs in handcuffs and at gunpoint during the search of the residence, and forced plaintiffs to sign untrue statements.  In general, a law enforcement officer may detain an occupant of a building during a search of the building authorized by a search warrant so long as the officer detains the person in a reasonable manner and does not detain the person any longer than the time it takes to complete the search.

In general, the Fourth Amendment prohibits a police officer from using excessive force in making a lawful arrest or seizure.  Thus, in order to prove an unreasonable seizure in this case, the plaintiffs must prove by a preponderance of the evidence that the defendant Officers used excessive force against plaintiffs when they held them at gunpoint and in handcuffs and forced them to sign untrue statements and when Officer McMillan struck plaintiff Fleming's hand with the hook.

In order to prove the seizure in this case was unreasonable and that excessive force was used, the plaintiffs must prove by a preponderance of

the evidence that he or she was detained in an unreasonable manner or for a period of time after the search was completed or both.

In determining whether the defendant Officers detained the plaintiffs unreasonably in this case or used excessive force, consider all of the circumstances known to the defendant Officers on the scene, including:

1. the severity of the suspected crime or other circumstances that led to the search warrant;

2. whether the plaintiffs were the subject of the investigation that led to the search warrant;

3. whether the plaintiffs posed an immediate threat to the safety of the Officers or to others or to the ability of the Officers to conduct the search safely;

4. whether the plaintiffs were actively resisting arrest or attempting to flee;

5. the type and amount of force used, including whether the detention of the plaintiffs was unnecessarily painful, degrading, prolonged, or involved an undue invasion of privacy;

6. whether the detention was for the purpose of preventing an attempt to destroy evidence

7.  whether the detention was for the purposes of orderly completion of the search; and

8.  the amount of time and any changing circumstances during which the Officers had to determine the type and amount of force that appeared to be necessary.

Under the Fourth Amendment, an officer may only use such force to detain a person as is "objectively reasonable" under the circumstances. In other words, you must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight.

## VICARIOUS LIABILITY

The City of Oakland is responsible for harm caused by the wrongful conduct of its employees while acting within the scope of their employment. In this case, defendant Officer McMillan was an employee of the City of Oakland. If you find that Officer McMillan was negligent, then the City of Oakland is responsible for any harm caused by Officer McMillan's negligence.